IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEVRY REED,<br><br>  Plaintiff,<br><br>v.<br><br>TINTIC CONSOLIDATED METALS, LLC, TINTIC CONSOLIDATED DRILLING, LLC, and OSISKO DEVELOPMENT CORPORATION,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REMAND<br><br><br>Case No. 2:23-cv-00684-JNP-DAO<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff Devry Reed's motion to remand this action to Utah state court. ECF No. 19. The motion is GRANTED.

## BACKGROUND

Reed worked at a mine located in Utah and operated by either Tintic Consolidated Metals, LLC (TCM) or Tintic Consolidated Drilling, LLC (TCD). Both TCM and TCD were Delaware LLCs. On August 8, 2020, Reed's hand was seriously injured in a work accident. Around January 2022, a Canadian corporation called Osisko Development Corporation acquired TCM and became its sole member. On May 10, 2022, the member or members of TCD voluntarily cancelled the LLC by filing a certificate of cancellation with the Delaware Secretary of State.

On August 8, 2022, Reed filed a lawsuit against TCM, TCD, and Osisko in Utah state court. He alleged tort claims against TCM and TCD for the accident that injured his hand. Reed further asserted that the court should pierce the corporate veil and hold Osisko jointly liable with TCM. He also claimed that Osisko had assumed the liabilities of TCM. Reed served the complaint on

TCM and TCD in January 2023. TCM and TCD defaulted, and the Utah court entered a default judgment against these defendants. TCM moved to set aside the default judgment against it, and the Utah court granted the motion on August 25, 2023.

On September 8, 2023, Osisko accepted service of the complaint. Then on September 29, 2023, Osisko removed this action to federal court, asserting diversity jurisdiction. Reed moved to remand the case to state court, arguing that Osisko had failed to show complete diversity because it had not asserted the citizenship of TCD. In response, Osisko contended that the court should disregard the citizenship of TCD because it had been cancelled before Reed initiated this action. The court disagreed and ordered Osisko to list each member of TCD on the date that it was cancelled and to allege sufficient facts to determine the full citizenship of each member. The court stated that if Osisko failed to provide a timely response, this action would be remanded to state court.

Osisko disregarded the court's order. Instead of listing the members of TCD, Osisko took the opportunity to further brief its argument that the court should disregard TCD when evaluating whether the court has diversity jurisdiction to hear this case.

## ANALYSIS

"A case originally filed in state court may be removed to federal court if, but only if, 'federal subject-matter jurisdiction would exist over the claim.'" *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (citation omitted); *see also* 28 U.S.C. § 1441(a) (allowing removal of an action if "the district courts of the United States have original jurisdiction" over the action). This court may not presume the existence of subject-matter jurisdiction "absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (citation omitted).

2

As the removing party, Osisko bears the burden of demonstrating that the court has diversity jurisdiction to preside over this action. Osisko argues that it can satisfy this burden without alleging the citizenship of TCD because this entity was cancelled a few months before Reed initiated his lawsuit. Citing Delaware law, Osisko contends that TCD cannot be sued unless additional steps are taken and, therefore, it has no obligation to account for the citizenship of TCD to justify diversity jurisdiction in federal court. Although Osisko does not apply this label, it essentially asserts a fraudulent joinder argument. Under the fraudulent joinder doctrine, a court may disregard a party when evaluating diversity jurisdiction if the removing party demonstrates: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 988 (citation omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (citation omitted).

Osisko argues that Reed cannot establish a cause of action against TCD because Delaware law precludes lawsuits against a cancelled LLC. Osisko's argument is premised on the proposition that Delaware law controls the question of whether a cancelled Delaware LLC (or its former members to the extent of any distributions) may be held liable for allegedly tortious acts committed in Utah before the LLC was canceled. The only support Osisko provides for this proposition is Utah Code § 48-3a-901(1), which provides that "[t]he law of the jurisdiction of formation of a foreign limited liability company governs . . . the internal affairs of the foreign limited liability company." But a cancelled LLC's tort liability to a third party is not an internal affair. Just as Delaware could not confer nationwide tort immunity to LLCs formed under Delaware law, it may not eliminate liability for a cancelled LLC or its former members or set the conditions for bringing a lawsuit for a tort committed in another state. Although Delaware law controls the procedure for

3

cancelling a Delaware LLC, the effect that cancellation has on a third-party plaintiff asserting tort claims against the cancelled LLC is controlled by the law of the forum state. Thus, Utah law governs whether a cancelled LLC or its former members may be a party to a lawsuit for actions taken while the LLC was active.[1]

Courts have considered the citizenship of a cancelled LLC when evaluating diversity jurisdiction if the controlling law permits the entity to participate in litigation. *Lazar v. Gobron*, 678 F. Supp. 3d 756, 762–763 (W.D. Va. 2023) (considering the citizenship of a cancelled LLC where Virginia law permits such entities to sue and be sued and in order to prevent gamesmanship); *Go Fast Sports & Beverage Co. v. Buckner*, No. CIV.A.08-CV-01527MSK, 2008 WL 2852626, at *2 (D. Colo. July 23, 2008) ("Administrative dissolution of a perpetual LLC does not destroy its citizenship for diversity purposes if the LLC continues to exist under state law after administrative dissolution."). In this case, Utah law controls whether TCD may be sued. But Osisko has not cited any Utah law supporting its claim that a cancelled LLC is immune from suit.[2] Because all doubtful legal issues related to removal jurisdiction must be resolved in favor of the plaintiff, *Dutcher*, 733 F.3d at 988, Osisko has not satisfied its obligation to establish that Utah law precludes tort claims against a cancelled LLC. Thus, Osisko has not carried its "heavy burden" of proving fraudulent

---

[1] Citing Delaware law, Osisko also contends that TCD could not be served with process without completing additional steps. But any claim of defective service belongs to TCD and may be waived. *See Nichols v. Kan. Dep't of Corr.*, 503 F. App'x 573, 576 (10th Cir. 2012) (unpublished). Moreover, Utah law controls the service of process for litigation initiated in a Utah court. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("[F]ederal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal.").

[2] Osisko's argument that TCD is immune to suit is also an impermissible collateral attack on the judgment entered against TCD by the state court.

joinder. *See Brazell v. Gen. Motors, LLC*, No. CA 6:14-4588-TMC, 2015 WL 1486932, at *4 (D.S.C. Mar. 30, 2015) (rejecting an argument that a corporation that had been dissolved for several years had been fraudulently joined because controlling law "allows for such a corporation to be sued").

Because Osisko disregarded the court's order to allege the citizenship of TCD, Osisko has not satisfied its obligation to show that the court has diversity jurisdiction.[3] The court may not presume subject matter jurisdiction. Accordingly, the court remands this case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

For the above-stated reasons, the court grants Reed's motion to remand. The court hereby remands this case to the Fourth Judicial District Court, in and for Juab County, State of Utah.

DATED August 27, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[3] Notably, Osisko did not claim that it is unaware of the identity of the former members of TCD or state that it needed more time to identify them.

5